NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3109

WILLIAM HICKMON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

William Hickmon, of Orange Park, Florida, pro se.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3109

WILLIAM HICKMON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070567-I-1.

_____

DECIDED:  June 18, 2008

_____

Before NEWMAN, PROST and MOORE, Circuit Judges.

PER CURIAM.

William D. Hickmon petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT-0752-07-0567-I-1, affirming his removal from the position of Manager of Distribution Operations at the U.S. Postal Service.  We affirm the Board's decision.

BACKGROUND

Mr. Hickmon, a manager at the Postal Service since at least 2001, was removed from service for improperly using his government credit card, making false statements

during the investigation of that use, failing to schedule a supervisor on two occasions, and improperly altering an employee's time in the system.

In June 2006 Mr. Hickmon's manager, Nancy Paradice, was notified of a past due balance of $53.15 on his Postal Service Citibank Visa Travel Card, issued for official use only. The account report also showed that his personal purchases totaled $451.41 for the month of June, including five gas station charges, a hotel stay, and a car rental charge between the dates of June 2 and June 12, 2006. Ms. Paradice initiated an investigation, and met with Mr. Hickmon on September 13, 2006. During that meeting, Mr. Hickmon denied using the card for personal purchases and stated that he only used the card for a security deposit at a car rental agency, but paid with his own credit card. When asked about the other charges, he stated that his wife accidentally used the card to pay the hotel bill and that he knew nothing of other charges on the card; he also stated that he paid the bill. Later that September, Ms. Paradice was again notified that the same account was past due and in danger of cancellation. Ms. Paradice gave Mr. Hickmon a deadline of September 18, 2006 to pay the bill. On December 2, 2006, Citibank contacted Ms. Paradice about the past due account, reporting that Mr. Hickmon had not contacted them, nor had he paid any of the amount due. Mr. Hickmon insisted that the bill had been paid. Citibank gave him until December 18, 2006 to make payment arrangements, after which it would designate the account as bad debt. Mr. Hickmon paid the debt in full on January 15, 2007.

On January 24, 2007, Ms. Paradice issued a Notice of Proposed Removal, setting forth several infractions by Mr. Hickmon. First, she described the events concerning the misuse of the government credit card. Ms. Paradice also discussed two incidents in which

Mr. Hickmon failed to schedule a supervisor in the postal facility, as was his responsibility, which resulted in an unsupervised facility on two days. Mr. Hickmon acknowledged having forgotten to find supervisory coverage for those two days. Ms. Paradice also cited an incident, revealed by Mr. Hickmon during the supervisory coverage investigation, when Mr. Hickmon at an employee's request improperly deleted the employee's time from the system so that she could use leave for a National Day of Mourning.

On February 13, 2007, Mr. Hickmon and his representative from the National Association of Postal Supervisors appeared before Acting Lead Plant Manager James Drummer to respond to the Notice of Proposed Removal. Mr. Hickmon stated that the delay in credit card payment was due to his need to research the validity of the charges. On March 12, 2007, Mr. Drummer sent a Letter of Decision, stating that Mr. Hickmon was given ample opportunity to correct the credit card misuse and lack of payment, and that the facts contradicted his explanation for the delay. As for the failure to schedule a supervisor, Mr. Drummer observed that the record showed Mr. Hickmon stating "I got busy Friday and I forgot," but that during his February appearance he stated that the failure was due to a miscommunication and his unfamiliarity with scheduling. Concerning the charge of changing the employee's time records, Mr. Drummer stated that although the rules have since changed, Mr. Hickmon had the responsibility of knowing that it was improper at the time, especially because he had been disciplined for a similar offense a few years earlier. Mr. Drummer found nothing in Mr. Hickmon's response to mitigate any of the three charges. He stated that honesty was fundamental to Mr. Hickmon's position at the Postal Service and that he had been less than truthful, had continually demonstrated poor judgment, and had engaged in intolerable behavior in light of a manager's higher ethical

standard. Mr. Drummer ruled that Mr. Hickmon was to be removed from employment on March 16, 2007.

Mr. Hickmon appealed to the Merit Systems Protection Board, whose administrative judge conducted a telephone hearing on May 30, 2007. In the initial decision of August 2, 2007, the AJ recounted the facts from the record and found that Mr. Hickmon's hearing testimony about the credit card use conflicted with his testimony on record and was improbable. The AJ found that he improperly used the government credit card, failed to pay the bill, and repeatedly made false statements concerning the events. The AJ observed that Mr. Hickmon did not materially dispute the charges of failing to schedule supervisors and improperly altering an employee's time. Having found that a preponderance of the evidence supported all of the charges and that the penalty was reasonable and appropriate, the AJ affirmed the action of removal; the full Board denied review. Mr. Hickmon appeals, stating that the Postal Service did not take into account that he did not take anything, and that the penalty of removal was overly harsh and was unwarranted.

DISCUSSION

We review rulings of the MSPB in accordance with the standards set forth in 5 U.S.C. §7703(c), and must affirm the Board's decision unless the ruling is 1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation have been followed; or 3) unsupported by substantial evidence. See Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Bradley v. Veterans Admin., 900 F.2d 233,

234 (Fed. Cir. 1990) (quoting <u>Consolidated Edison Co. v. Nat'l Labor Relations Bd</u>., 305 U.S. 197 (1938)).

Mr. Hickmon states that he never benefited from the credit card use, and has never taken anything from the agency. He states that he has not made any further charges on the government credit card, although he still possesses it. He argues that he was not given adequate opportunity to explain the credit card events and that the credit card company later removed some charges after he contested them, and that this caused the delay in paying the bill. Mr. Hickmon states that he worked long hours, and had no prior disciplinary action.

The agency agrees that throughout the investigation and resolution of these events, there was no charge that Mr. Hickmon had benefited or stolen from the Postal Service. However, the agency argues that even assuming that contesting some of the charges with Citibank caused part of the delay in paying the bill, the agency also based his removal on improper personal use of the card, repeated false statements about the charges and payments, and failing to pay the bill for six months. The agency states that the letter submitted by Mr. Hickmon in support of his argument that disputed credit card charges caused his delay in payment concerned disputed charges made on August 25, 2007 whereas the charges here at issue were made in June 2006. The Postal Service points out that Mr. Hickmon has provided no evidence or argument to refute the improper use of his credit card or to excuse his repeated failure to pay the bill while promising to do so. Mr. Hickmon does not dispute that he twice failed to schedule a supervisor as was his responsibility, and once improperly altered time records. The agency and the Board found Mr. Hickmon's explanations inconsistent and not believable. As to the penalty of removal,

the Board held that the penalty selection was reasonable and appropriate, given that the sustained charges and specifications were serious and detrimental to the Postal Service, especially given the high standard of conduct expected of personnel in supervisory positions.

We discern no error of law or procedure, nor abuse of discretion in the MSPB's decision affirming the removal action.

No costs.